**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JAMES J. SILVIA**

v. **CA. No. 06 - 162 S**

**TOWN OF NORTH SMITHFIELD,**
**et al.**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Confined at the Adult Correctional Institutions in Cranston, Rhode Island, *pro se* plaintiff James J. Silva filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants Town of North Smithfield, the City of Pawtucket, Detective Napoleon Gonsalves, Judge Michael Higgins, Steven A. Regine, Magistrate William MacAtee, Mark Smith, Esq., the Bureau of Criminal Identification ("BCI") Division of the Attorney General's Office, and Patrolman Mark D. Bergeron. Plaintiff's allegations in his Complaint are as follows:

Plaintiff alleges that on July 28, 2004, Detective Napoleon Gonsalves arrested him without a warrant and detained him without having probable cause. Plaintiff alleges that on October 7, 2004 state prosecutor Stephen Regine interviewed the plaintiff and issued a criminal information, falsely indicating that a warrant had been issued by a judge. Plaintiff alleges that he then appeared before Judge Michael Higgins, Judge Patricia Moore and Magistrate

MacAtee at various times and that they imposed bail, unlawfully.

Next, plaintiff alleges that the state court appointed Mark Smith, Esq., to represent him. Plaintiff alleges that Attorney Smith is an ex-prosecutor who committed various wrongs during the course of his representation of the plaintiff. Plaintiff also alleges that the his BCI record contains inaccuracies.

Based upon the above mentioned allegations, plaintiff brought this Section 1983 claim contending that he has been and continues to be confined in pretrial detention during his on-going criminal prosecution at the Adult Correctional Institutions, in violation of his constitutional rights. As relief, plaintiff seeks compensatory and punitive damages.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; See also 28 U.S.C. § 1915(e)(2). Pursuant to this directive, this Court finds that the instant Complaint fails to state a claim upon which relief can be granted.

An inmate's Section 1983 claim "is barred (absent prior invalidation)- no matter the relief sought ..., no matter the target of the prisoner's suit ...- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74 (2005). Here, any

determination by this Court in this proceeding that the plaintiff's rights were violated, or continue to be violated, during the pretrial stages in his on-going criminal prosecutions would necessarily call into question the validity of any conviction obtained by the state, or, any period of confinement imposed by the State. That is something this Court can not do here. See id. Thus, plaintiff's Complaint should be dismissed.

For the reasons set forth above, I recommend that plaintiff's Complaint be dismissed for a failure to state a claim upon which relief can be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. See Fed.R.Civ.P.72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 16, 2006